UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 1 1 2005

Judge Samuel Der-Yeghiayan
U.S. District Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 04 CR 866 |
| | ) | |
| ANGEL PACHECO-DIAZ | ) | Judge Samuel Der-Yeghiayan |

## UNITED STATES' SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, hereby submits the following sentencing memorandum.

### Introduction

On February 10, 2005, this Court, found the defendant guilty of violation of 8 United States

Code, Section 1326(a), illegal re-entry into the United States after having been previously deported.

Under Section 1326(a), defendant may be sentenced to a maximum term of 2 years imprisonment.

However, the indictment gave notice that if convicted of this offense, he was subject to the enhanced

sentencing provisions of Section 1326(b) which provides for a sentence of not more than 20 years

if defendant's deportation was subsequent to a conviction of an "aggravated felony." In the

alternative, if the Court finds that the deportment was not subsequent to a conviction for an

aggravated felony but conviction for a "felony," then the provision of Section (b)(1) apply under

which defendant may be sentenced to a maximum of 10 years imprisonment.

The evidence clearly establishes that defendant's removal from the United States was

subsequent to his conviction for two aggravated felonies, namely, burglary and possession of

cannabis which subjects defendant to a term of imprisonment of 20 years pursuant to 8 U.S.C. §

1326(b)(2).

## Facts

On June 28, 1999, defendant was convicted in Cook County Circuit Court, Illinois of Burglary, Case No. 99 C 33027701. The records establish defendant was originally charged with the offense of residential burglary in violation of 720 ILCS 5/19-3. At the time defendant entered a plea of guilty to the charge, it was amended to burglary in violation of 720 ILCS 5/19-1. Defendant was sentenced to probation and 208 days imprisonment. In addition, on January 24, 2002, defendant was convicted in Lake County, Illinois Circuit Court of Possession of Cannabis and Criminal Damage to Government Property, Case No. 01 CF 32393. Defendant was originally charged with possession of cannabis with the intent to deliver in violation of 720 ILCS 550/5(d)(Count One) and possession of cannabis in violation of 720 ILCS 550/4(d)(Count Two). Defendant entered a plea to possession of cannabis and sentenced to 21 months imprisonment on that offense in conjunction with a separate felony charge, Criminal Damage to Government Property in violation of 702 ILCS 5/21-4(a).

The defendant was then removed from the United States on October 10, 2003 after release from the Illinois Department of Corrections after serving the sentences on the convictions for the possession of cannabis and criminal damage to government property offenses.

## Discussion

### 1. Defendant has Three Felony Convictions for Purposes of Sentencing Enhancements

It is the government's position that, at a minimum, defendant is subject to the enhanced sentencing provisions 8 U.S.C. § 1326(b)(1) and eligible to be sentenced to a maximum of 10 years imprisonment for this offense. The records show that defendant was convicted in Cook County of burglary, Case No. 99 C 33027701, a violation of 720 ILCS 5/19-1. The penalty provisions of that

2

statute classify the offense as a Class 2 felony. Under Illinois sentencing provisions, a Class 2 felony is punishable by a term of imprisonment of 3-7 years.

In addition, defendant's conviction for possession of cannabis in violation of 720 ILCS 550/4(d) and criminal damage to government property, 702 ILCS 5/21-4(a), are both classified as a Class 4 felonies. Under Illinois sentencing provisions, a Class 4 felony is punishable by a term of imprisonment of 1-3 years. Defendant pled guilty to these offenses and was sentenced to 21 months imprisonment.

Therefore, defendant was removed in October 2003 after have been convicted of three separate felonies. Defendant, at a minimum, is subject to the sentencing enhancement provisions of 8 U.S.C. § 1326(b)(1) and may be sentenced up to 10 years imprisonment.

## 2. Possession of Cannabis Is "Aggravated Felony" for Purposes of 8 U.S.C. 1326(b)(2).

The enhanced sentencing provisions of 8 U.S.C. § 1326(b)(2) provide for a term of imprisonment of up to 20 years if defendant's removal was subsequent to a conviction for an aggravated felony. The multiple definitions of the term aggravated felony are contained in 8 U.S.C. 1101(a)(43). In part, Section 1101(a)(43)(B) defines an aggravated felony as "illicit trafficking in a controlled substance (as defined in Section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Thus, defendant's conviction for possession of cannabis is an aggravated felony for purposes of Section 1326(b)(2) subjecting defendant to a maximum term of imprionment of 20 years.

In the stipulations presented during the course of the trial, defendant disagreed with the government that his prior state felony conviction for possession of cannabis qualified as an aggravated felony for purposes of Section 1326(b)(2) as this offense would be a misdemeanor under

3

the federal Controlled Substance Act ("CSA"), 21 U.S.C. § 840 *et seq*. The Seventh Circuit has

never specifically addressed the issue of whether a felony possession of a controlled substance is

defined as an aggravated felony under Section 1101(a)(43)(B). However, eight other Circuit Courts

of Appeal have held in illegal re-entry cases like this one, felony possession of a controlled

substance is an aggravated felony. *See, United States v. Restrepo-Aguilar*, 74 F.3d 361(1st

Cir.1996); *United States v. Ramirez*, 344 F.3d 247, 251(2nd Cir.2003); *United States v. Wilson*, 316

F.3d 506, 511 (4th Cir. 2003); *United States v. Caicedo-Cuero*, 312 F.3d 697 (5th Cir. 2002);

*United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997); *United States v. Soberanes*, 318 F.3d

959 (9th Cir. 2003); *United States v. Castro-Rocha*, 323 F.3d 846 (10th Cir. 2003) and *United States

v. Simon*, 168 F.3d 1271(11th Cir.1999).

The issue presented is whether a simple possession of a controlled substance in a state case,

here a felony under Illinois law but treated as a misdemeanor under the federal Controlled Substance

Act, 21 U.S.C. § 801 *et seq*., constitutes an aggravated felony under 8 U.S.C. § 1043(a)(43). All of

these case hold that a state felony conviction for possession of a controlled substance are convictions

for a drug trafficking crime under 18 U.S.C. § 924(c).

Although each Circuit Court of Appeals reaches the same conclusion, the court in *United

States v. Wilson*, 316 F.3d 506, 511-514 (4th Cir.2003) provides clear and concise reasoning for this

holding. The *Wilson* court first looked for the definition of an aggravated felony in 8 U.S.C. §

1043(a) of the statute. Under Section 1043(a)(43)(B), the term aggravated felony means illicit

trafficking in a controlled substance including a "drug trafficking crime" as defined in 18 U.S.C. §

924(c). Section 924(c)(2) then states that the term "drug trafficking crime" means any felony

punishable under the CSA, 21 U.S.C. § 801 *et seq*. The *Wilson* court then determined that Section

4

924(c)(2) has two separate elements, (1), **any felony** that is, (2) **punishable under the CSA**. *Wilson*, 316 F.3d at 512. The *Wilson* court then sought to determine whether the defendant's state conviction amounted to a felony under Section 924(c)(2). In *Wilson*, the state felony conviction was punisable as a misdemeanor under the CSA. *Id.* However, the CSA defines felony as *any federal or state offense* classified by applicable federal or state law as a felony. Therefore, in *Wilson*, the defendant's state felony conviction for simple possession of a controlled substance was a felony under the CSA and constituted a felony within the meaning of Section 924(c)(2), satisfying the first element of Section 924(c)(2). *Id.* at 513. The *Wilson* court then examined whether the second element of 924(c)(2) was satisfied– offense punishable under the CSA– and determined that an unknown amount of a controlled substance, here cocaine, was punishable under the CSA, albeit a misdemeanor offense. *Id.* Therefore, the state felony conviction, albeit a misdemeanor offense under the CSA, was a drug trafficking crime and, thus, qualified as an aggravated felony under 8 U.S.C. § 1043(a)(43).

In this case, defendant's state conviction for possession of cannabis is defined as a Class 4 felony under state law, punishable by 1-3 years imprisonment. Here, defendant received a 21 month prison sentence for the conviction. Therefore, the defendant's conviction meets the first element of Section 924(c)(2), that is, is conviction is a felony. In regards to the second element— whether the amount of cannabis in defendant's case felony case is punishable under the CSA— defendant's conviction for possession of cannabis is clearly a violation of 21 U.S.C. § 844. It does not matter whether it is punishable as a felony or misdemeanor under the CSA. Therefore, the defendant's state felony conviction for possession of cannabis, albeit a misdemeanor offense under the CSA, was a

drug trafficking crime and, thus, qualified as an aggravated felony under 8 U.S.C. § 1043(a)(43).

### 3. Guideline Calculations based upon Aggravated Felony Convictions

In determining the applicable guideline range for the defendant, the base level of the offense is 8 pursuant to Guideline § 2L1.2(a). The offense level is then increased if certain specific offense characteristics are shown to apply. In this case, the specific guideline characteristics require an increase of 8 levels if the defendant is found to have committed the instant offense after deportation for a conviction for an aggravated felony pursuant to Guideline § 2L1.2(b)(1)(C) or an increase of 4 levels if the defendant is found to have committed the instant offense after deportation for a conviction for a felony pursuant to Guideline § 2L1.2(b)(1)D).

In this case, the overwhelming case law supports a conclusion that the defendant's state felony conviction for possession of cannabis is an aggravated felony for the reasons discussed above. Therefore, the defendant's guideline range should be increased 8 levels to an adjusted level of 16. Given a 3 point offense level reduction for acceptance in this case, the final adjusted level is 13. With defendant's criminal history category as VI, his sentencing range is 33-41 months.

## Conclusion

Wherefore, the United States seeks to have the defendant sentenced within the advisory guideline range of 33-41 months for the reasons stated above.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *Daniel E. May*

DANIEL E.  MAY
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street, 5th Floor
Chicago, Illinois  60604
(312) 353-8694

7