

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 866 |
| ) | |
| ANGEL PACHECO-DIAZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court for the sentencing of Defendant Angel Pacheco-Diaz ("Diaz"). The parties are in dispute as to whether Diaz's previous state felony conviction constitutes an aggravated felony under federal law.

## BACKGROUND

On September 1, 2004, Diaz was charged by indictment of being an illegal alien who had been previously deported from the United States after a conviction of an aggravated felony, and who had been found in the United States without previously obtaining the consent of the Attorney General of the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). On October 4, 2004, Diaz pled not

1

guilty. Although, Diaz pled not guilty, on February 10, 2005, a bench trial was held before this court and at trial Diaz proceeded to admit by stipulation to all of the essential elements of 8 U.S.C. § 1326(a). We found him guilty of the offense under 8 U.S.C. § 1326(a). We note that even though Diaz was charged in the indictment for a violation of both 8 U.S.C. § 1326(a) and (b)(2), the Supreme Court of the United States in *Almendarez-Torres v. U.S.*, 523 U.S. 224 (1998) held that the provisions under 8 U.S.C. § 1326(b) are sentencing provisions, relate to enhanced penalties, and are not elements of a separate offense. *Id.* at 235; *see also U.S. v. Morris*, 293 F.3d 1010, 1012 (7th Cir. 2002)(stating that in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) "the Court did not overrule *Almendarez-Torres,* and in fact explicitly carved out an exception for recidivism in its holding," and "[u]nless and until the Court chooses to overrule *Almendarez-Torres,* we are bound by it."); *U.S. v. Martinez-Garcia*, 268 F.3d 460, 463-64 (7th Cir. 2001)(disagreeing with the defendant's contention "that *Almendarez-Torres* was overruled or limited by the Supreme Court's subsequent decision in *Apprendi*" and that the ruling in *Apprendi* "preserved the prior holding in *Almendarez-Torres* that under 8 U.S.C. § 1326, prior convictions are a sentencing factor, not an element of the crime, and need not be charged."). Having found Diaz guilty for violating 8 U.S.C. § 1326(a) we now turn to the issue of sentencing under 8 U.S.C. § 1326(b) and the applicable sentencing guidelines.

On January 24, 2001, Diaz pled guilty in the Circuit Court of Lake County,

Illinois for possession of cannabis, a felony, and was sentenced to twenty-one months in the Illinois Department of Corrections. On the issue of sentencing, the parties dispute whether Diaz's state felony offense was an aggravated felony which would subject Diaz to a criminal penalty of up to 20 years of imprisonment under 8 U.S.C. § 1326(b)(2), and whether it would warrant an 8 level enhancement under Sentencing Guideline § 2L.1.2(b)(1)(C). The resolution of this issue depends on whether or not Diaz's state felony offense would be considered a drug trafficking offense, and which in turn, would be an aggravated felony under federal law.

## DISCUSSION

The government argues that Diaz should receive an 8 level enhancement pursuant to § 2L1.2(b)(1)(C) of the Sentencing Guidelines which provides that a defendant is to receive an 8 level sentence enhancement "[i]f the defendant previously was deported, . . . after- . . .a conviction for an *aggravated felony*. . . ." U.S.S.G. § 2L1.2(b)(1)(C)(emphasis added). The government also argues that the statutory maximum sentence for Diaz is 20 years of imprisonment under 8 U.S.C. § 1326(b)(2) which provides the following:

> (b) Criminal penalties for reentry of certain removed aliens
> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection– . . .
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;

3

8 U.S.C. § 1326(b)(2). Diaz argues that his state felony conviction for possession of cannabis is not an aggravated felony under § 2L1.2(b)(1)(C) or 8 U.S.C. § 1326(b)(2), but rather, his conviction for possession of cannabis is merely a felony under § 2L1.2(b)(1)(D) which should result in only a 4 level enhancement and a statutory maximum sentence of 10 years of imprisonment under 8 U.S.C. § 1326(b)(1).

Diaz argues that his state felony drug possession offense would only be a misdemeanor under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, and therefore should not be deemed a drug trafficking crime, and should not be considered as an aggravated felony under § 2L1.2(b)(1)(C) or 8 U.S.C. § 1326(b)(2). The first issue we will address is whether a state felony drug possession offense is a drug trafficking crime, and is therefore an aggravated felony, even if such a state felony offense is classified as a misdemeanor under the CSA.

There is no precedent in the Seventh Circuit resolving the issue now before us. In *Garcia v. Ashcroft*, 394 F.3d 487, 489 (7th Cir. 2005) and *Yanez-Garcia v. Ashcroft*, 388 F.3d 280, 282 (7th Cir. 2004) the Seventh Circuit was presented with a similar issue. However, in *Garcia* and *Yanez* the Seventh Circuit noted that the cases were before the court on appeals from rulings of the Board of Immigration Appeals ("BIA"). 394 F.3d at 490; 388 F.3d at 283. In both instances, the Seventh Circuit held that it lacked jurisdiction to resolve the issues before the Court because under 8 U.S.C. § 1252(a)(2) the Court is barred from reviewing any final order of

removal entered against an alien which is based upon certain criminal convictions, including a controlled substance conviction. 394 F.3d at 490; 388 F.3d at 283. The Seventh Circuit indicated that it would have jurisdiction to address the issue if it proceeded to the Seventh Circuit *via* a *habeas corpus* petition. 394 F.3d at 490; 388 F.3d at 283. The instant action is not based upon a *habeas corpus* petition and is instead before us on the sentencing of Diaz.

Although there is no precedent in the Seventh Circuit, eight other Circuits, in the context of sentencing, have considered the issue of whether a state felony drug possession offense is a drug trafficking crime and is therefore considered to be an aggravated felony, even if the crime is classified as a misdemeanor under the CSA. The eight Circuits have all come to the same ultimate conclusion, holding that such a state drug possession offense is deemed an aggravated felony under 8 U.S.C. § 1326(b)(2) and 2L1.2. *See U.S. v. Ramirez*, 344 F.3d 247, 253-54 (2nd Cir. 2003)(concluding that the defendant's state felony conviction for drug possession is a drug trafficking crime under 18 U.S.C. § 924(c)(2) and therefore qualifies as an aggravated felony under the Sentencing Guidelines warranting an eight level enhancement.); *U.S. v. Wilson*, 316 F.3d 506, 512-514 (4th Cir. 2003)(finding that a state felony conviction for possession of cocaine, even if punishable only as a misdemeanor under the CSA, is a drug trafficking crime, and therefore is an aggravated felony warranting an eight level enhancement under the Sentencing Guidelines.); *U.S. v. Soberanes*, 318 F.3d 959, 963-65 (9[h] Cir. 2003)(finding that the

Sentencing Guidelines application notes and case law support a determination that simple possession may be classified as an aggravated felony, and concluding that "[d]efendant's prior Arizona conviction for attempted possession of more than eight pounds of marijuana was an 'aggravated felony' within the meaning of" the Sentencing Guidelines); *U.S. v. Castro-Rocha*, 323 F.3d 846, 851-852 (10th Cir. 2003)(finding that state felony convictions for simple possession qualify for the eight level enhancement under the Sentencing Guidelines); *U.S. v. Caicedo-Cuero*, 312 F.3d 697, 706-711 (5th Cir. 2002) (finding that defendant's prior state conviction for drug possession qualified as a "drug trafficking crime" and therefore was an aggravated felony "for purposes of the aggravated felony provisions contained in 8 U.S.C. § 1326(b)(2) and Sentencing Guideline § 2L1.2."); *U.S. v. Simon*, 168 F.3d 1271, 1272 (11th 1999)(finding that enhanced penalties under the sentencing guidelines for aggravated felony convictions was appropriate for defendant with state felony conviction for possession of cocaine, even if it was a misdemeanor under the CSA); *U.S. v. Briones-Mata*, 116 F.3d 308, 310 (8th Cir. 1997)(stating: "[w]e believe the definitions of the terms at issue indicate that Congress made a deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the CSA."); *U.S. v. Restrepo-Aguilar*, 74 F.3d 361, 367 (1st Cir. 1996)(stating that "[b]ecause the cocaine possession offense for which defendant [] was convicted in 1985 under the laws of Rhode Island counts as 'any felony' in the requisite sense and is criminalized by the

Controlled Substances Act, that offense is a 'felony punishable under the Controlled Substances Act' and thus falls within the definition of 'drug trafficking crime' set forth in 18 U.S.C. § 924(c)(2), as adopted in" the Sentencing Guidelines, and concluding that the offense qualifies as an aggravated felony for the purposes of the Sentencing Guidelines).

We note that the Circuit Courts' rulings in *Simon, Briones-Mata,* and *Restrepo-Aguilar* were made while the pre-2001 sentencing guidelines were in effect which required a 16 level enhancement for aggravated felony convictions, 168 F.3d at 1272; 116 F.3d at 309; 74 F.3d at 367, and the Circuit Courts' rulings in *Ramirez, Wilson, Soberanes, Castro-Rocha,* and *Caicedo-Cuero* were made after the 2001 amendments to the sentencing guidelines which require an 8 level enhancement for aggravated felony convictions. 344 F.3d at 253-54; 316 F.3d at 513; 318 F.3d at 962, 323 F.3d at 850; 312 F.3d at 711. However, regardless of whether the sentencing was pursuant to the pre-2001 Sentencing Guidelines or post-2001 Sentencing Guidelines, all eight Circuits concluded that the enhancements under the Sentencing Guidelines were applicable.

As indicated above, 8 U.S.C. § 1326(b)(2) only applies to a person "whose removal was subsequent to a conviction for commission of an *aggravated felony*." 8 U.S.C. § 1326(b)(2)(emphasis added). In § 2L1.2(b)(1)(C), the guidelines provide an 8 level enhancement for an "aggravated felony" and the guideline commentary states that "[f]or the purposes of subsection (b)(1)(C), 'aggravated felony' has the

7

meaning given that term in 8 U.S.C. 1101(a)(43). . . ." Under 8 U.S.C. § 1101(a)(43)(B), the term "aggravated felony" is defined as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18). . . ." 8 U.S.C. § 1101(a)(43)(B). Under 18 U.S.C. § 924(c)(2) "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). . . ." 18 U.S.C. § 924(c)(2). The Controlled Substances Act defines the term "felony" in 21 U.S.C. § 802(13) and states that "[t]he term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).

The language of the CSA is clear and unambiguous in regards to what constitutes a drug trafficking crime. The provisions in 18 U.S.C. § 924(c)(2) state that the offense must be: 1) a felony, and 2) "punishable under the Controlled Substances Act. . . ." 18 U.S.C. § 924(c)(2). Diaz argues that we should read 18 U.S.C. § 924(c)(2) as one continuous proposition and contends that the felony offense must also be a felony under the CSA in order to be classified as a drug trafficking crime. If Congress had intended to limit the scope of the definition of a drug trafficking crime only to crimes that are deemed felonies under the CSA, Congress would have used the language stating that the offense must be "punishable as a felony under the CSA." The statute does not state so. Instead, the CSA states: "any felony punishable under the [CSA]," *Id.*, and defines the term "felony" as "any

Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). The Seventh Circuit in *Ali v. Ashcroft*, 395 F.3d 722 (7th Cir. 2005) in discussing whether a state conviction for possession of a controlled substance with intent to deliver is both a drug trafficking crime and an aggravated felony under the Immigration and Nationality Act, specifically found that "a state conviction for possession of a controlled substance with intent to deliver is both a drug trafficking crime and an aggravated felony under the INA if it is punishable under the Controlled Substances Act ("CSA") and qualifies as a felony." *Id.* at 727. Our above analysis is consistent with the Seventh Circuit's interpretation of the phrase "any felony punishable under the Controlled Substances Act" under 18 U.S.C. § 924(c)(2).

Diaz also argues that the phrase "trafficking" under the dictionary term means "trading or dealing in certain goods and commonly used in connection with illegal narcotic sales." However, Diaz also argues, as indicated above, that a state felony offense for simple possession should not be considered as drug trafficking crime unless it is also considered a felony under the CSA. Thus, Diaz defeats his own argument relating to the definition of the term "trafficking" and admits that a state felony offense for simple possession could be considered a drug trafficking crime, and therefore, an aggravated felony. Congress has clearly indicated in 18 U.S.C. § 924(c)(2) that a state felony offense of simple possession is a drug trafficking crime, and therefore, an aggravated felony as long as such offense is also punishable under

the CSA. We will not resort to dictionary definitions and inferences from extrinsic evidence as Diaz proposes when the language of the CSA is clear and unambiguous. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989)(stating that "[t]he plain meaning of a statute is conclusive unless 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"); *Greenfield Mills, Inc. v. Macklin,* 361 F.3d 934, 954 (7th Cir. 2004)(stating that in interpreting a statute the court "look[s] first to its language" and "[i]f that language is plain, [the court's] only function is 'to enforce it according to its terms.'"). The language in the various statutes that are applicable in the instant action are plain and reading them according to their plain meaning is logical and consistent and there is no reason to believe that such meanings are "at odds with the intentions of its drafters." *Ron Pair Enters., Inc.,* 489 U.S. at 241. When the plain meaning of a statute is clear, it is not proper for the court to second guess what Congress said or for the court to substitute its judgment for what Congress should have said, even if the enforcement of such a statute might result in harsh consequences for certain criminal aliens. It is up to Congress to legislate. Diaz, in effect, would like this court to legislate. This the court cannot do and will not do. We find that Diaz's state felony conviction for possession of cannabis is a drug trafficking crime, and therefore is an aggravated felony. Therefore, the sentencing provisions under 8 U.S.C. § 1326(b)(2) and the advisory sentencing guidelines under U.S.S.G. § 2L1.2(b)(1)(C) are both applicable.

In the instant action, the Pre-sentence Investigation Report ("PSI") calculates the base offense level for Diaz at level 8 pursuant to U.S.S.G. § 2L1.2(a). The PSI then increases the base level by an additional 8 levels, concluding that the Illinois cannabis possession constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). The PSI then reduces the offense level by 2 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The resulting total offense level according to the PSI is 14. It should be noted that Diaz pled not guilty and was found guilty at trial. However, the PSI recommended the 2 level reduction for acceptance of responsibility since Diaz did not deny the conduct comprising the instant offense and admitted the essential elements of the crime. Therefore, the total offense level is 14. According to the PSI, Diaz's criminal history category is VI based upon a total of 15 criminal history points. Both Diaz and the government agree that Diaz's criminal history category is VI.

Diaz challenges the enhancement of his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(C) which provides for an 8 level enhancement when a defendant was previously deported after a conviction for an aggravated felony. Diaz argues that his state felony conviction for possession of drugs should be classified as an "other felony" under U.S.S.G. § 2L1.2(b)(1)(D) resulting in only a 4 level enhancement as opposed to being classified as an aggravated felony requiring an 8 level enhancement. For the reasons discussed in the above analysis, Diaz's arguments are unpersuasive and an 8 level enhancement is warranted. Therefore, the court finds

that under the sentencing guidelines Diaz's offense level is 14 and his criminal history category is VI which results in a sentencing range of 37 to 46 months.

Apart from the above analysis and our findings, we will next address whether Diaz's state felony offense for possession of drugs is also a felony under the CSA. As stated above, on January 24, 2001, Diaz was convicted in the Circuit Court of Lake County, Illinois for possession of cannabis, a felony, and was sentenced to twenty-one months in the Illinois Department of Corrections. However, prior to this conviction, Diaz was charged on February 2, 1999, in the Circuit Court of Lake County, Illinois with possession of cannabis, a misdemeanor, and on June 2, 2000, Diaz pled guilty and was sentenced to one-year court supervision. On October 30, 2000, Diaz was convicted for this offense when his supervision was revoked.

The CSA provides the penalties for simple possession under 21 U.S.C. § 844(a) which reads, in part, as follows:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. . . .Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, *or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State*, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500. . . .

21 U.S.C. § 844(a)(emphasis added). Since Diaz was convicted on October 30, 2000

of a "drug . . . offense chargeable under the law of" Illinois, his second conviction on January 24, 2001, for a drug possession offense in Illinois mandates a term of imprisonment for up to two years, and such second offense would thus be a felony under the CSA. *Id.*

At the sentencing hearing, Diaz admitted that he has been convicted of two drug possession crimes in state court, the first a misdemeanor and the second a felony, but argued that neither conviction was for distribution of drugs and therefore the convictions should not be considered an aggravated felony. This argument has no merit. The provisions of 21 U.S.C. § 844(a) makes one drug possession offense a misdemeanor under the CSA with a sentence of up to one year, and a second drug possession offense a felony under the CSA with a sentence of up to two years. The provisions of 21 U.S.C. § 844(a) do not involve offenses relating to drug distribution, but rather involve offenses relating to the simple possession of drugs. Diaz's second drug possession offense in 2001 is a felony under the CSA. A conviction for a felony is a drug trafficking crime under 18 U.S.C. § 924(c)(2) and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Therefore, even under Diaz's own interpretation of 18 U.S.C. § 924(c)(2) wherein Diaz maintains that the offense must be a felony under the CSA in order to be a drug trafficking crime, Diaz's second conviction for possession of cannabis, a felony under the CSA, would still be an aggravated felony.

## CONCLUSION

Based on the foregoing analysis, we find that a state drug possession offense, which is classified as a felony under state law, is considered to be a drug trafficking crime, and is therefore an aggravated felony, even if the state offense is classified as a misdemeanor under the CSA. We also find that Diaz is subject to the penalties under 8 U.S.C.§ 1326(b)(2) and an 8 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). We further find that Diaz's second state offense for possession of cannabis is a felony under the CSA.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 19, 2005